UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amadou Ba,                                                    Case No. 3:26-cv-1374

               Petitioner,

    v.                                                       MEMORANDUM OPINION
                                           AND ORDER

Warden, Corrections Center of Northwest
Ohio, *et al.*,

               Respondents.


## I.    INTRODUCTION AND BACKGROUND

Petitioner Amadou Ba filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241,
challenging his civil immigration detention. (Doc. No. 1). Ba alleges he arrived in the United States
in August 2023 after fleeing severe persecution in his home country of Mauritania. (*Id.* at 4). He
filed an application for asylum in November 2023 and also obtained an Employment Authorization
Document. (*Id.*). Ba contends he was taken into custody on June 5, 2025, when he arrived for a
scheduled appointment regarding his asylum application and that he has been held in continuous
civil detention since then. (*Id.* at 4-5). He alleges an immigration judge ordered his removal on
March 6, 2026, and that he filed a timely appeal that remains pending. (*Id.* at 5).

Ba also filed an *ex parte* motion for a temporary restraining order prohibiting the government
from removing him from the United States while his appeal of the removal order remains pending.
(Doc. No. 2). Ba asserts that "providing notice of this application would likely prompt
[Respondents] to immediately deport Petitioner to Mauritania to divest this Court of jurisdiction and
render his . . . appeal moot." (*Id.* at 1).

For the reasons stated below, I deny Ba's motion.

## II.    DISCUSSION

The purpose of both a temporary restraining order and a preliminary injunction is to preserve the status quo until a trial on the merits or some other reasoned resolution of the dispute takes place. *See, e.g.*, *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996). The same standard generally applies to the issuance of preliminary injunctions and temporary restraining orders. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). To grant either form of injunctive relief, a court must consider: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent a stay; (3) whether granting the stay would cause substantial harm to others; and (4) whether the public interest would be served by granting the stay." *Id.* While these "are factors to be balanced, not prerequisites that must be met," *In re De Lorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985), "[t]he first factor is the most important." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (citation and quotation marks omitted).

Rule 65 permits a court to "issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1).

Ba fails to demonstrate he will suffer immediate and irreparable injury if the government receives notice of his motion for a temporary restraining order. As Ba concedes, (*see* Doc. No. 1 at 5), federal law already prohibits the execution of a removal order while an appeal of that order is

2

pending.  8 C.F.R. § 1003.6(a) ("Except as provided under § 236.1 of this chapter, § 1003.19(i), and paragraph (b) of this section, the decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be . . . executed while an appeal is pending or while a case is before the Board by way of certification.").

Ba offers no evidence to support his conclusory assertion that the government intends to violate § 1003.6(a)'s automatic stay provision, much less that the government would hasten its alleged efforts to violate that provision upon receiving notice of Ba's motion.  I conclude he fails to meet his burden to show any temporary restraining order could be issued without prior notice pursuant to Rule 65(b)(1).

### III.    CONCLUSION

For the reasons stated above, I deny Ba's *ex parte* motion for a temporary restraining order. (Doc. No. 2).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge